# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JASMINE SANCHEZ,<br><br>                          Plaintiff,<br><br>v.<br><br>WILLIAM REUBART,<br><br>                          Defendant. | Case No. 2:23-cv-00616-GMN-DJA<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS |

Plaintiff Jasmine Sanchez, who is incarcerated in the custody of the Nevada Department of Corrections, has submitted a civil-rights complaint under 42 U.S.C. § 1983 and filed an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1). But on at least three occasions, the Nevada Federal District Court and the Ninth Circuit Court of Appeals have dismissed civil actions or appeals that were commenced by Sanchez while he was detained or incarcerated because the proceedings were frivolous or failed to state a claim upon which relief could be granted. *See, e.g.*, *Sanchez v. Ely State Prison*, Case No. 3:18-cv-00373-MMD-WGC, at ECF No. 14 (Ninth Circuit dismissed Appeal No. 19-17131 as "frivolous"); *Sanchez v. Homan*, Case No. 3:19-cv-00481-MMD-WGC, at ECF No. 6 (district court dismissed action for "fail[ure] to state a colorable claim"); *Sanchez v. Rose*, Case No. 3:21-cv-00475-MMD-CLB, at ECF No. 10 (district court dismissed action "for failure to state a claim") and ECF No. 16 (Ninth Circuit dismissed Appeal No. 22-15840 as "frivolous"); *Sanchez v. Ely State Prison*, Case No. 3:21-cv-00292-MMD-CLB, at ECF No. 11 (district court dismissed action "for failure to state a claim") and ECF No. 15 (Ninth Circuit dismissed Appeal No. 22-15412 as "frivolous").

**I.     DISCUSSION**

The Prison Litigation Reform Act provides that no prisoner can "bring a civil action or appeal a judgment in a civil action or proceeding" under *in forma pauperis* status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  The Ninth Circuit explained in *Andrews v. Cervantes* that the exception to § 1915(g) applies only if the prisoner makes a plausible allegation that he or she faced "an ongoing danger" of serious physical injury "at the time the complaint was filed." 493 F.3d 1047, 1055–56 (9th Cir. 2007).  "The prisoner may meet this requirement by 'alleging that prison officials continue with a practice that has injured him or others similarly situated in the past,' or that there is a continuing effect resulting from such a practice." *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) (cleaned up) (quoting *Andrews*, 493 F.3d at 1057).  If the prisoner satisfies the exception, it applies to the entire complaint, not on a claim-by-claim basis or only for certain types of relief. *Id.* at 1052.

In his Complaint, Sanchez alleges that on July 14, 2021, corrections officers used a "deadly gas" in his housing unit that prevented him from breathing. (ECF No. 1-1 at 3).  Sanchez was denied immediate medical attention and told to file a grievance. (*Id.*)  Sanchez filed an emergency grievance seeking medical care, but the grievance responder told Sanchez that his grievance wasn't an emergency and to seek medical care using a "kite" and "normal channels." (*Id.*) Sanchez also alleges that on August 20, 2021, he was retaliated against by Ely State Prison Associate Warden William Reubart for filing Grievance No. 2006-31-25401 in which he complained about Reubart's involvement in the July 14, 2021, incident. (*Id.* at 4). Reubart "targeted" Sanchez by destroying his personal property. (*Id.*)  Sanchez now "fears for [his] life" because Reubart isn't the only warden at the prison who has personally targeted him. (*Id.*)

The Court finds that the allegations about indifference to Sanchez's acute respiratory needs and retaliation for filing a grievance by destroying his personal property, which allegedly happened in the summer of 2021, fail to plausibly state that Sanchez was in imminent danger of serious physical injury when he filed his complaint in this action in April 2023. So, Sanchez must pre-pay the full $402 filing fee if he wants to proceed with this civil-rights action.

## II. <u>CONCLUSION</u>

For the foregoing reasons, it is ordered that the application to proceed *in forma pauperis* (ECF No. 1) is **DENIED**.

It is further ordered that this action will be dismissed without prejudice unless Plaintiff Jasmine Sanchez pays the full $402 filing fee **by June 30, 2023.**

It is further ordered that the Clerk of the Court will send Plaintiff Jasmine Sanchez two copies of this order. Sanchez will make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

It is further ordered that the Clerk of the Court will retain the Complaint and exhibits (ECF No. 1-1) but will not file them at this time.

DATED: May 31, 2023

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE